CATHERINE WIPP *v.* ADALINE SCOTT ET AL.

**Judgment—Rendering Pursuant to Mandate.**

A judgment rendered by a trial court in pursuance to a mandate. of the Court of Appeals stands in the trial court as all other final judgments over which the court has no control after the expiration of the term at which it was rendered, unless to vacate or modify it in the manner prescribed by law.

**Judgment—Collateral Attack.**

Judgments are binding between the parties and their privies until reversed, vacated, annulled ,na d modified in the manner prescribed by law, and will be upheld as against collateral attack.

**Reformation of Instruments—Sufficiency of Evidence.**

An alleged mistake in the execution of a deed for land should not be corrected upon the testimony of the plaintiff alone.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 27, 1874.

OPINION BY JUDGE LINDSAY:

The contents of the deed executed and delivered to George Wipp by Scott and wife in 1860, can not now be ascertained, and for the purposes of this suit it is not essential that they should be.

Scott, by the action instituted in January, 1862, prayed for and

obtained a judgment directing a sale of so much of a lot fronting 27 feet on Main Street and running back the entire depth of lot number 17, as might be necessary to satisfy the debt sued on. After the death of Wipp, and after revivor was had against his administrator and heirs, a sale was made pursuant to the judgment, and appellant became the purchaser of a portion of the property, fronting 10¾ feet on Main Street and running back the entire depth of lot number 17. This sale was confirmed. Afterwards Wipp's widow and heirs brought a suit against Scott and wife to obtain a conveyance for the remainder of the 27 foot lot. Judgment was rendered against Scott, and a conveyance executed by a commissioner and approved by the court investing them with Scott's title to the entire depth of lot 17. These two judgments remain unreversed. Neither of them have ever been annulled or modified. One was rendered at the instance of Scott, and the other in an action to which he was a party. It is immaterial whether they are right or wrong, or whether one or both of them resulted from a mistake upon the part of the parties or the court. Neither of them can be disregarded in a collateral proceeding. They were conclusive upon Scott whilst living, and they bind his heirs at law now that he is dead, and they must be upheld as against them until reversed, vacated, annulled or modified in the manner prescribed by law. It is clear, therefore, that Scott's heirs were entitled to no relief in this action.

Mrs. Scott seeks to avoid her deed of April 9, 1870, upon the ground of mistake in the description of the lot of ground in which she was relinquishing her claim. There is no direct proof of the mistake except the testimony of Mrs. Scott herself, and she does not pretend that she did not read the deed or at least have it read. The inference to be drawn from the erection by Wipp of his fence so as to exclude the twenty feet off the rear end of the lot, now claimed by Mrs. Scott, and the statement in the petition by Mrs. Wipp that she and her children were entitled to have a conveyance for 140 instead of 160 feet, are at least counter-balanced by the statements in Scott's petition for the enforcement of his lien, the judgment and sale thereunder, and the judgment and conveyance in Mrs. Wipp's suit against him. It results, therefore, that Mrs. Scott can not have relief unless it is granted upon her testimony alone. The impolicy of correcting alleged mistakes in the execution of conveyances for realty, upon the unsupported testimony of the

party in interest, is too apparent to allow discussion. The petition of the Scotts should have been dismissed. Judgment reversed and cause remanded with instructions to dismiss their petition.

*Ray & Walker, for appellant.*

*Sweeney & Stuart, for appellees.*